UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GARY CECIL,

Plaintiff,

v.

JEFF BEARD, et al.,

Defendants.

No. 2:13-cv-1923 TLN KJN P

ORDER

Plaintiff is a state prisoner, presently housed at High Desert State Prison, Susanville ("HDSP"), proceeding without counsel. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account.

These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

On October 3, 2013, plaintiff filed a motion for injunctive relief seeking a high risk transfer for surgery to repair plaintiff's abdominal hernia. Plaintiff contends that due to his health issues, a cardiology standby is required, and the surgical unit in Susanville is not equipped for cardiology issues. (ECF No. 19 at 4.) In his verified complaint, plaintiff states that he was diagnosed as high risk medical on January 10, 2012. (ECF No. 10 at 3.) Plaintiff alleges that he is under chronic care for acute heart disease, with total occlusion of his right coronary artery, and also has an aneurysm in the left common iliac artery just off the aortic vessel, with an abdominal hernia just above the aneurism, protruding out. (ECF No. 10 at 3.) Plaintiff is 67 years old. (ECF No. 10 at 5.)

Plaintiff claims that prior to his state prison incarceration, he was being worked up by the USC Hospital while he was held in the Los Angeles County Jail, "in attempts to stabilize [plaintiff's] heart disease in order to attack the abdominal hernia." (ECF No. 19 at 3-4.) On March 18, 2013, while housed at HDSP, plaintiff was recommended for high risk medical transfer to R.J. Donovan State Prison ("RJD"). (ECF No. 19 at 4.) On March 27, 2013, Dr. Rohfling agreed with the high risk transfer, and on April 17, 2013, the Classification Staff Representative ("CSR") endorsed plaintiff for RJD transfer. Plaintiff states this transfer recommendation expired on August 15, 2013. On August 26, 2013, the RJD transfer recommendation was reaffirmed by the CSR, and included a revised December 24, 2013 expiration date. (ECF No. 19 at 4-5.)

Plaintiff contends this 21 month delay in providing plaintiff with the medical transfer is reckless and constitutes deliberate indifference to his serious medical needs, citing Jett v. Penner, 439 F.3d 1091, 1096-98 (9th Cir. 2006). (ECF No. 4.) Plaintiff declares that he has repeatedly complained about his ongoing abdominal hernia pain, "with nothing being done" (ECF No. 10 at 5), and was told "we're hoping and waiting for your high risk medical transfer." (ECF No. 19 at 6.) Plaintiff claims that the medical department at HDSP are hesitant to push the medical need transfer, stating it's a custody and classification issue, not medical." (ECF No. 19 at 6.)

The exhibits appended to plaintiff's complaint reflect that the CSR elected to retain plaintiff at HDSP on February 8, 2012, "noting that the medical risk factor is not an absolute but is a preference since [plaintiff was] not being placed in a Minimum Support Facility, Camp, or out of state correctional facility where medical resources may be limited. The CSR indicated that a transfer at this time would not be financially prudent and overrode the preference to retain [plaintiff] at [his] current location." (ECF No. 10 at 20.) While the third level appeal decision states that HDSP is able to accommodate plaintiff's needs, the reviewing officials failed to address plaintiff's need for hernia repair, his attendant pain, or the complications he faces based on his heart disease and age.

Plaintiff provided a copy of the January 10, 2012 medical classification chrono which states that plaintiff is at high medical risk, has a history of hypertension, coronary artery disease with history of myocardial infarction or heart attack, total occlusion of his right coronary artery, and a history of left iliac artery aneurysm. (ECF No. 10 at 25.)

Plaintiff's hernia is a serious medical need, and the Ninth Circuit has noted that, under Jett, a prisoner states a cognizable deliberate indifference claim where prescribed treatment for a hernia has been delayed for more than a year. Wilhelm v. Rotman, 680 F.3d 1113, 1123 (9th Cir. 2012).

The court has not yet screened plaintiff's civil rights complaint, but asks Supervising Deputy Attorney General Monica Anderson to contact appropriate officials at HDSP, and to inform the court as to the current status of plaintiff's medical care for his hernia, including whether or not plaintiff is currently receiving pain medication for his hernia pain. Once the court receives Ms. Anderson's status report, the court will address plaintiff's motion for injunctive relief.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the

Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Within fourteen days from the date of this order, Supervising Deputy Attorney General Monica Anderson shall file a status report addressing the current status of plaintiff's medical care for his hernia.

4. The Clerk of the Court is directed to serve a copy of this order on Monica Anderson, Supervising Deputy Attorney General.

Dated: November 1, 2013

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

ceci1923.fb.pi