UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY CECIL,<br><br>           Plaintiff,<br><br>      v.<br><br>J. BEARD, et al.,<br><br>           Defendants. | No. 2:13-cv-1923 TLN KJN P<br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On December 13, 2013, the magistrate judge filed findings and recommendations herein that were served on plaintiff and which contained notice to plaintiff that any objections to the findings and recommendations were to be filed within fourteen days. Plaintiff filed objections to the findings and recommendations.

In his objections, plaintiff now argues that based on all of his medical issues he needs to be closer to a hospital, relying on the January 10, 2012 recommendation of R. Miranda, Physician's Assistant ("PAC"). (ECF No. 31 at 7.) Plaintiff claims, without a record citation, that on or about January 10, 2012,

////

1

> Dr. Miranda correctly diagnosed all [of] plaintiff's medical issues, and addressed said aneurysm "should that aneurysm become an issue here at High Desert Prison, it will be fatal for you, as any of your other health issues. You need to be and should be nearer to a hospital not 2 hours or more away from the nearest hospital, with weather permitting."

(ECF No. 31 at 7.)  Plaintiff also contends that the endorsements for transfer state that High Desert State Prison is not appropriate housing for plaintiff and his health needs. (ECF No. 31 at 6.)

The record confirms that PAC Miranda filed a medical classification chrono (CDCR 128-C-3) requesting a medical high risk transfer for plaintiff on January 10, 2012. (ECF No. 10 at 25.)  This chrono notes that plaintiff poses a high medical risk, but requires an "OP" or outpatient level of care, infrequent basic consultations, and an uncomplicated nursing care acuity, and plaintiff has a full duty functional capacity. (Id.)  PAC Miranda referenced the following medical conditions: hypertension/coronary artery disease with history of myocardial infarction or heart attack, total occlusion of right coronary artery, and history of left iliac artery aneurysm, but does not mention plaintiff's umbilical hernia.[1]  (ECF No. 10 at 25.)  Despite PAC Miranda's chrono, on February 8, 2012, plaintiff was endorsed for retention at High Desert State Prison ("HDSP"), noting that plaintiff was appropriately housed because HDSP is a basic institution, and that because plaintiff was not being placed in a Minimum Support Facility, camp or out of state correctional facility, his transfer was not financially prudent. (ECF No. 10 at 23; see also No. 10 at 20.)

////

---

[1] On January 10, 2012, PAC Miranda also completed a Disability Placement Program Verification form confirming that plaintiff is mobility impaired based on his coronary artery disease which precludes him from walking more than 100 yards without pause. (ECF No. 10 at 30.)  On January 30, 2012, PAC Miranda completed a comprehensive accommodation chrono providing for a ground floor cell with a bottom bunk, mobility vest, and a physical restriction of no lifting over 25 pounds. (ECF No. 10 at 28.)  None of the records authored by PAC Miranda state that plaintiff is at "fatal risk" due to the aneurysm. (ECF No. 10 at 25, 28, 30.)  The court found no other medical records signed by PAC Miranda during this time frame, and plaintiff did not cite to any.

On April 17, 2013, plaintiff was endorsed for transfer to Richard J. Donovan Correctional Facility ("RJD"), noting "Infrequent Consultation, Full Duty, High Medical Risk, and Uncomplicated Nursing." (ECF No. 10 at 34.) The April 17, 2013 endorsement does not state that HDSP housing is not appropriate for plaintiff's medical needs. (Id.) Such endorsement was extended on August 26, 2013. (ECF No. 24 at 5.) Plaintiff declares his new endorsement to RJD will expire on April 17, 2014. (ECF No. 31 at 8.) The litigation coordinator confirmed that plaintiff has been on a waiting list for transfer to RJD since April 17, 2013. (ECF No. 24 at 5.)

Even assuming PAC Miranda intended plaintiff to be transferred to RJD due to his overall health issues, Dr. Rohlfing declared that plaintiff's cardiac issues and high blood pressure are being managed through regular visits to outside specialists and medication, and that plaintiff's left iliac artery aneurysm was previously repaired through a by-pass procedure,[2] is monitored regularly, and is in stable condition. (ECF No. 24 at 8.) Moreover, Dr. Rohlfing clarified that it was the concern for cardiac issues that might arise during the hernia repair that necessitated plaintiff's transfer to a prison with adequate medical resources "to address cardiac complications which may arise during surgery."[3] (ECF No. 24 at 8.) Finally, Dr. Rohlfing declared that plaintiff's hernia repair could be performed on an elective basis, rather than on an emergency basis. (ECF No. 24 at 7.) Thus, plaintiff has failed to demonstrate, with competent medical evidence, that his overall health condition requires his immediate transfer.

In accordance with the provisions of 28 U.S.C. ' 636(b)(1)(C) and Local Rule 304, this court has conducted a de novo review of this case. Having carefully reviewed the entire file, the

////

---

[2] Plaintiff's left iliac aneurysm was repaired on June 19, 2008 (ECF No. 10 at 37-38), and he received a left heart catheterization and percutaneous coronary intervention on May 23, 2008 (ECF No. 10 at 35-36).

[3] Dr. Syverson's March 18, 2013 report supports Dr. Rohlfing's opinion: plaintiff "would be appropriate for repair of umbilical hernia but he will require cardiology clearance prior to having surgery. Furthermore, [plaintiff] expressed his significant concerns regarding the fact that he has a lot of risk with any anesthesia and with any surgery. . . . [Plaintiff] is anticipating transfer to the State of California Hospital for care of high risk patients who require surgery." (ECF No. 26 at 9.)

1 | court finds the findings and recommendations to be supported by the record and by proper
2 | analysis.
3 |       Finally, the undersigned shares the Magistrate Judge's concern about the delay in
4 | providing medical care.  Indeed, if the applicable standard were based on what is reasonably
5 | necessary to address plaintiff's medical condition, preliminary relief might be appropriate.  However,
6 | as correctly noted by the Magistrate Judge, the standard here is whether plaintiff has shown that he is
7 | likely to succeed in demonstrating that defendants acted with deliberate indifference to plaintiff's
8 | medical needs, which Plaintiff has not shown.
9 |       Accordingly, IT IS HEREBY ORDERED that:
10 |       1.  The findings and recommendations filed December 13, 2013, are adopted in full; and
11 |       2.  Plaintiff's motion for injunctive relief (ECF No. 19) is denied.
12 | Dated: March 31, 2014

Troy L. Nunley
United States District Judge

ceci1923.804