UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GARY CECIL,

Plaintiff,

v.

JEFF BEARD, et al.,

Defendants.

No. 2:13-cv-1923 TLN KJN P

FINDINGS & RECOMMENDATIONS

Plaintiff is a state prisoner housed at R. J. Donovan Correctional Facility ("RJD"), proceeding without counsel. On March 24, 2014, plaintiff renewed his motion for injunctive relief seeking a high risk transfer for surgery to repair plaintiff's abdominal hernia. On March 28, 2014, the court screened plaintiff's amended complaint, served a courtesy copy of the order on the supervising Attorney General, and stated the court would consider any response defendants offered within fourteen days. (ECF No. 35 at 5.)

On April 11, 2014, the supervising Deputy Attorney General, by special appearance, filed an opposition to plaintiff's motion. Defendants contend that plaintiff's medical circumstances have not changed since plaintiff's first motion was filed. (ECF No. 39 at 1.) Moreover, plaintiff was transferred from High Desert State Prison ("HDSP") on April 8, 2014, and is now housed at RJD, so an injunction issued to the parties employed at HDSP would not be effective. (Id.) Defendants argue the motion is now moot because no parties at RJD are named in the amended

complaint. Defendants also provided a declaration by Dr. Swingle, who reviewed plaintiff's medical records and Dr. Rohlfing's prior declaration. (ECF No. 39 at 11-13.) Dr. Swingle opined that plaintiff was receiving appropriate medical care at HDSP, including prescriptions and stool softeners, and that while surgical repair of the hernia is medically appropriate, the surgery should "proceed on an elective basis rather than on an urgent basis. (ECF No. 39 at 12.)

On April 16, 2014, plaintiff filed a status report confirming his transfer to RJD, and stated that on April 11, 2014, he saw the RJD clinic doctor who "ordered more examinations and tests." (ECF No. 40 at 2.) Plaintiff also stated that due to his age, heart and other health issues, as well as the delay in receiving the surgery, and because there have been recent fatalities caused by infections resulting from screens used in hernia repair surgeries at RJD, plaintiff "may have to live with the pain from [his] abdominal hernia" rather than elect to have hernia repair surgery. (ECF No. 40 at 2.) However, plaintiff will discuss his options with the assigned surgical team.

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 ( 2008) (citations omitted). When an inmate seeks injunctive or declaratory relief concerning the prison where he is incarcerated, his claims for such relief become moot when he is no longer subjected to those conditions. See Weinstein v. Bradford, 423 U.S. 147, 149 (1975); Andrews v. Cervantes, 493 F.3d 1047, 1053 n.5 (9th Cir. 2007) (A preliminary injunction becomes moot if a prisoner is transferred.); Holt v. Stockman, 2012 WL 259938, *6 (E.D. Cal. Jan.25, 2012) ("If the relative positions of the parties change so as to negate the possibility of the harm the requested injunction seeks to prevent, there is no longer any case or controversy to which an injunction can apply.")

Here, plaintiff is no longer incarcerated at HDSP. He is currently housed at RJD in San Diego, California, which is the prison to which he sought to be transferred. Moreover, it appears plaintiff no longer seeks an order requiring prison officials to urgently provide him with hernia repair surgery, given the risks of having hernia repair surgery, his age, and his present medical condition.

For all of the above reasons, the court finds that plaintiff's renewed motion for injunctive relief is moot. Therefore, IT IS HEREBY RECOMMENDED that plaintiff's October 3, 2013 motion for injunctive relief (ECF No. 34) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: April 25, 2014

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

ceci1923.pi2