UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY CECIL, | No. 2:13-cv-1923 TLN KJN P |
| Plaintiff, | |
| v. | ORDER |
| JEFF BEARD, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding without counsel. On August 15, 2014, plaintiff filed a motion for default judgment. Plaintiff claims that defendants failed to file an answer.

On August 13, 2014, plaintiff filed a letter to the court objecting to the denial of his request for entry of default, and noting the mail log at his prison did not reflect his receipt of defendants' answer.

On August 18, 2014, plaintiff filed a request to reverse the denial of plaintiff's declaration for entry of default, and claims that on August 14, 2014, he received a letter from respondent's counsel, postmarked August 12, 2014, containing an answer to the complaint, along with what plaintiff calls a "faulty" proof of service stating that plaintiff was served in July. Plaintiff states that he plans to file a petition for writ of mandate in the Ninth Circuit Court of Appeals to compel this court "to reverse their denial of plaintiff's declaration and docket defendants' default since it was at no fault of plaintiff. Defendants lied about service." (ECF No. 71 at 1.)

1

1    On July 3, 2014, defendants Norgaard, Smith, Rohlfing, Schmidt, Artis, Lozano and
2 Foulk filed an answer.  Appended to the answer is a declaration of service by mail stating that a
3 copy of the answer was served on plaintiff at his address of record on July 3, 2014.  (ECF No. 60
4 at 5.)  On August 11, 2014, plaintiff's request for entry of default was declined because
5 defendants filed an answer on July 3, 2014.  (ECF No. 67.)

6    It appears that plaintiff did not receive a copy of the answer filed on July 3, 2014.
7 However, it also appears that counsel for defendants re-served a copy of the answer on plaintiff
8 once counsel became aware that plaintiff did not receive a copy of the answer.  Moreover,
9 plaintiff has not been prejudiced by the delay in the receipt of the answer.  The court has not
10 ordered plaintiff to file a reply, and in the absence of such an order, no reply to the answer is
11 permitted.  Fed. R. Civ. P. 7(a).  The court issued its discovery and scheduling order on July 18,
12 2014, so this case has not been delayed.

13    Finally, there is no right to a default judgment; its entry is entirely within the discretion of
14 the district court.  See Draper v. Coombs, 792 F.2d 915, 925 (9th Cir. 1986); see also Rashidi v.
15 Albright, 818 F.Supp. 1354, 1356, n.4 (D. Nev. 1993) ("Because the court has discretion, a party
16 making a request may not be entitled to default judgment as a matter of right even when the
17 defendant is technically in default and that fact has been noticed under Rule 55(a).").  Defaults
18 are generally disfavored.  Eitel v. McCool, 782 F.2d 1470, 1472 (9th Cir. 1986).  The Federal
19 Rules of Civil Procedure favor decisions on the merits.  Eitel, 782 F.2d at 1472.

20    Here, defendants timely filed an answer; thus, the Clerk of the Court could not enter
21 default or default judgment under Rule 55(a) and (b)(1) of the Federal Rules of Civil Procedure.
22 Similarly, entry of default judgment by the court is also inappropriate under Rule 55(b)(2).  Fed.
23 R. Civ. P. 55(b)(2).

24    Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for default (ECF No. 69)
25 is denied without prejudice.

26 Dated:  August 21, 2014

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

28 /ceci1923.def

2