UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY CECIL,<br><br>  Plaintiff,<br><br>  v.<br><br>JEFF BEARD, et al.,<br><br>  Defendants. | No. 2:13-cv-1923 TLN KJN P<br><br>ORDER |

Plaintiff is a state prisoner proceeding without counsel. On September 18, 2014, plaintiff filed a motion to compel discovery and for an order to continue the scheduled deposition. Plaintiff claims that defendant Schmidt failed to respond to plaintiff's first set of interrogatories, and that defendants provided "wrongfully cleansed" documents in response to plaintiff's request for production of plaintiff's medical documents from November 26, 2013 to April 8, 2014. Plaintiff asks the court to continue his September 25, 2014 deposition until defendants comply with plaintiff's discovery requests. Plaintiff also seeks expenses in the amount of $25.00.

On September 23, 2014, defendants filed an opposition to the motion. Defendants contend that defendant Schmidt timely responded to plaintiff's interrogatories, and provided a copy of her responses to the two interrogatories. (ECF No. 81 at 7-8.) With regard to plaintiff's request for additional medical records, defendants noted their objection that plaintiff has equal access to his medical records, but "as a courtesy, and in an effort to avoid the filing of a baseless

1

Motion to Compel," defendants produced plaintiff's medical records from November 26, 2013, through April 8, 2014. (ECF No. 81 at 3.) Defendants also filed copies of the medical records produced to plaintiff. (ECF No. 81 at 20-93.) Finally, defendants contend that plaintiff's request to continue his deposition is not well-taken because there is no priority of discovery under Rule 26(d) of the Federal Rules of Civil Procedure. (ECF No. 81 at 3.) Defendants argue that plaintiff is attempting to avoid his deposition. Plaintiff sent counsel a letter on August 27, 2014, stating that his deposition should not proceed until defendants responded to his discovery requests. (ECF No. 81 at 96.) Counsel responded by informing plaintiff that there is no priority in discovery under Rule 26(d), and pointing out that counsel will incur substantial travel expenses in attending the deposition, which would be wasted if plaintiff submitted a baseless objection to his deposition. (ECF No. 81 at 98-99.) Defendants contend that plaintiff has submitted a baseless objection to his deposition by filing this motion.

Upon review of the motion and the opposition, the court orders that the motion to compel is denied, and plaintiff's motion to continue the deposition is denied.[1]

Discussion

First, plaintiff's motion to compel discovery responses is not well-taken. Defendants demonstrate that defendant Schmidt provided interrogatory responses to plaintiff's two interrogatories, along with a certificate of service on plaintiff's address of record. Thus, plaintiff's motion to compel responses is denied. Similarly, defendants provided copies of medical records submitted in response to plaintiff's request for production of medical records for a time certain. In any event, as defendants note, plaintiff's medical records are equally available to plaintiff. Plaintiff may inspect and copy his medical file by following institutional procedures. Thus, plaintiff objections to the medical records provided by defendants are overruled, and plaintiff's motion to compel further production of documents is denied.

////

---

[1] Although Local Rule 230(l) provides for a reply to be filed by plaintiff within seven days after the opposition, the time constraints presented by plaintiff's deposition requires the court to rule without a reply. However, as set forth below, no reply was required in ruling on plaintiff's motion.

1    Second, as defendants argue, there is no priority in federal discovery. Rule 26(d) provides

2 as follows:

3    (d) Timing and Sequence of Discovery.

4    (1) Timing. A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except

5 in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by

6 court order.

7    (2) Sequence. Unless, on motion, the court orders otherwise for the parties' and witnesses' convenience and in the interests of

8 justice:

9    (A) methods of discovery may be used in any sequence; and

10   (B) discovery by one party does not require any other party to delay its discovery.

11

12 Fed. R. Civ. P. 26(d). As set forth above, plaintiff's motion to compel is not well-taken.

13 Moreover, plaintiff fails to demonstrate that a different sequence in discovery is warranted in the

14 interests of justice. Thus, plaintiff's request to continue his deposition is denied.

15    Third, plaintiff is cautioned that he is obligated to attend his deposition. Pursuant to Rule

16 37(d) of the Federal Rules of Civil Procedure, if a party fails to appear before the officer who is to

17 take the deposition, after being served with a proper notice, the court, on motion, may impose

18 sanctions, including dismissal of the action and the payment of reasonable expenses and

19 attorney's fees. Fed. R. Civ. P. 37(d).

20    Fourth, in an abundance of caution, counsel for defendants shall bring with him to

21 plaintiff's deposition a copy of defendant Schmidt's interrogatory responses in the event that

22 plaintiff has not received such responses prior to the deposition.

23    Accordingly, IT IS HEREBY ORDERED that:

24    1. Plaintiff's motion to compel (ECF No. 80) is denied;

25    2. Plaintiff's motion to continue his deposition (ECF No. 80) is denied; and

26 ////

27 ////

28 ////

3. Counsel for defendants shall bring a copy of defendant Schmidt's interrogatory responses to plaintiff's September 25, 2014 deposition.

Dated: September 24, 2014

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/ceci1923.mtc+