UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GARY CECIL,

          Plaintiff,

   v.

JEFF BEARD, et al.,

          Defendants.

No. 2:13-cv-1923 TLN KJN P

ORDER

I. <u>Introduction</u>

      Plaintiff is a state prisoner, proceeding without counsel. Plaintiff raises Eighth Amendment claims against defendants Smith, Norgaard, Foulk, Artis, Lozano, Dr. Rohlfing, and Schmidt. Defendants' motion for summary judgment is before the court. In his opposition, plaintiff sought an extension of time in which to conduct discovery. Fed. R. Civ. P. 56(d). As set forth more fully below, the undersigned finds that plaintiff's motion under Rule 56(d) should be denied, but grants plaintiff one brief extension of time to file a supplemental opposition, as set forth below.

II. <u>Rule 56(d) Request for Additional Discovery</u>

      Plaintiff requests additional time to obtain affidavits of witnesses, and to obtain discovery from key witnesses, such as CDCR Custody officials, medical staff, and prisoners. (ECF No. 119 at 11.) Plaintiff contends he has not had a full and complete opportunity to marshal his evidence

1

or conduct discovery. Plaintiff argues that defendants' motion for summary judgment is premature because "no actual merits/discovery have occurred," and that he only filed his amended complaint on January 6, 2014. (ECF No. 119 at 11.)

Defendants counter that plaintiff fails to identify specific facts which additional discovery would reveal that would preclude summary judgment. Defendants contend that plaintiff's claim that he has not had an opportunity to conduct discovery is belied by the record, citing plaintiff's motion to compel (ECF No. 80), as well as defendants' discovery responses submitted with plaintiff's opposition (ECF No. 119 at 117, 121.)

Rule 56(d) permits a party opposing a motion for summary judgment to request an order deferring the time to respond to the motion and permitting that party to conduct additional discovery upon an adequate factual showing. See Fed. R. Civ. P. 56(d) (requiring party making such request to show "by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition."). A Rule 56(d) affidavit must identify "the specific facts that further discovery would reveal, and explain why those facts would preclude summary judgment." Tatum v. City and County of San Francisco, 441 F.3d 1090, 1100 (9th Cir. 2006).

"Though the conduct of discovery is generally left to a district court's discretion, summary judgment is disfavored where relevant evidence remains to be discovered, particularly in cases involving confined pro se plaintiffs. Klingele v. Eikenberry, 849 F.2d 409, 412 (9th Cir. 1988). Thus, summary judgment in the face of requests for additional discovery is appropriate only where such discovery would be "fruitless" with respect to the proof of a viable claim." Jones v. Blanas, 393 F.3d 918, 930 (9th Cir. 2004). "The burden is on the nonmoving party, however, to show what material facts would be discovered that would preclude summary judgment." Klingele, 849 F.2d at 412; see also Conkle v. Jeong, 73 F.3d 909, 914 (9th Cir. 1995) ("The burden is on the party seeking to conduct additional discovery to put forth sufficient facts to show that the evidence sought exists."). Moreover, "'[t]he district court does not abuse its discretion by denying further discovery if the movant has failed diligently to pursue discovery in the past.'" Conkle, at 914 (quoting California Union Ins. Co. v. American Diversified Sav. Bank, 914 F.2d 1271, 1278 (9th Cir. 1990).

Plaintiff's amended complaint was filed on January 6, 2014, but his initial complaint was filed on September 11, 2013. The undersigned issued the discovery and scheduling order on July 18, 2014, and the discovery deadline expired on October 31, 2014. (ECF No. 63.) As argued by defendants, the record reflects that plaintiff did conduct discovery. Plaintiff did not inform the court of his purported need for additional discovery until April 20, 2015, almost six months after the discovery deadline expired. Moreover, plaintiff does not specifically identify by name the "key witnesses" from whom he would seek additional discovery, and fails to show what facts such discovery might show. In addition, plaintiff was previously granted a thirty day extension of time in which to file his opposition to the pending motion. For all of these reasons, plaintiff's Rule 56(d) motion is denied.

III. Supplemental Opposition

First, the undersigned has reviewed the parties' briefing on the pending motion for summary judgment. Plaintiff provided a copy of the first page of R. Miranda's January 10, 2012 CDCR 128-C3 form. (ECF No. 32 at 12; 119 at 88.) However, the upper right hand corner of the form notes "Page 1 of 2." (Id.) No second page was provided. Thus, plaintiff is provided an opportunity to submit the second page of Miranda's 128-C3 form signed January 10, 2012.[1]

Second, plaintiff failed to address, with supporting evidence, defendants' contention that plaintiff failed to exhaust his administrative remedies as to his claims against defendants Dr. Rohlfing and Nurse Practitioner Schmidt.

A. Legal Standards

The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . , or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general

////

---

[1] Plaintiff provided both pages of the CDCR 128-C3 form signed by defendant Schmidt on December 6, 2013. (ECF Nos. 32 at 14; 119 at 127.)

circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002).

Proper exhaustion of available remedies is mandatory, Booth v. Churner, 532 U.S. 731, 741 (2001), and "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules[.]" Woodford v. Ngo, 548 U.S. 81, 90 (2006). The Supreme Court has also cautioned against reading futility or other exceptions into the statutory exhaustion requirement. See Booth, 532 U.S. at 741 n.6. Moreover, because proper exhaustion is necessary, a prisoner cannot satisfy the PLRA exhaustion requirement by filing an untimely or otherwise procedurally defective administrative grievance or appeal. See Woodford, 548 U.S. at 90-93. "[T]o properly exhaust administrative remedies prisoners 'must complete the administrative review process in accordance with the applicable procedural rules,' [] - rules that are defined not by the PLRA, but by the prison grievance process itself." Jones v. Bock, 549 U.S. 199, 218 (2007) (quoting Woodford, 548 U.S. at 88). See also Marella v. Terhune, 568 F.3d 1024, 1027 (9th Cir. 2009) ("The California prison system's requirements 'define the boundaries of proper exhaustion.'") (quoting Jones, 549 U.S. at 218).

In California, prisoners may appeal "any policy, decision, action, condition, or omission by the department or its staff that the inmate or parolee can demonstrate as having a material adverse effect upon his or her health, safety, or welfare." Cal. Code Regs. tit. 15, § 3084.1(a). On January 28, 2011, California prison regulations governing inmate grievances were revised. Cal. Code Regs. tit. 15, § 3084.7. Now inmates in California proceed through three levels of appeal to exhaust the appeal process: (1) formal written appeal on a CDC 602 inmate appeal form, (2) second level appeal to the institution head or designee, and (3) third level appeal to the Director of the California Department of Corrections and Rehabilitation ("CDCR"). Cal. Code Regs. tit. 15, § 3084.7. Under specific circumstances, the first level review may be bypassed. Id. The third level of review constitutes the decision of the Secretary of the CDCR and exhausts a prisoner's administrative remedies. See id. § 3084.7(d)(3). Since 2008, medical appeals have been processed at the third level by the Office of Third Level Appeals for the California Correctional Health Care Services. A California prisoner is required to submit an inmate appeal

at the appropriate level and proceed to the highest level of review available to him. Butler v. Adams, 397 F.3d 1181, 1183 (9th Cir. 2005); Bennett v. King, 293 F.3d 1096, 1098 (9th Cir. 2002). Since the 2011 revision, in submitting a grievance, an inmate is required to "list all staff members involved and shall describe their involvement in the issue." Cal. Code Regs. tit. 15, § 3084.2(3). Further, the inmate must "state all facts known and available to him/her regarding the issue being appealed at the time," and he or she must "describe the specific issue under appeal and the relief requested." Cal. Code Regs. tit. 15, §§ 3084.2(a)(4). An inmate now has thirty calendar days to submit his or her appeal from the occurrence of the event or decision being appealed, or "upon first having knowledge of the action or decision being appealed." Cal. Code Regs. tit. 15, § 3084.8(b).

Failure to exhaust is "an affirmative defense the defendant must plead and prove." Bock, 549 U.S. at 204, 216. In Albino, the Ninth Circuit agreed with the underlying panel's decision[2] "that the burdens outlined in Hilao [v. Estate of Marcos, 103 F.3d 767, 778 n.5 (9th Cir. 1996),] should provide the template for the burdens here." Albino v. Baca, 747 F.3d 1162, 1172 (9th Cir. 2014) (en banc). A defendant need only show "that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy." Albino, 747 F.3d at 1172. Once the defense meets its burden, the burden shifts to the plaintiff to show that the administrative remedies were unavailable. See Albino, 697 F.3d at 1030-31.

A prisoner may be excused from complying with the PLRA's exhaustion requirement if he establishes that the existing administrative remedies were effectively unavailable to him. See Albino, 747 F.3d at 1172-73. When an inmate's administrative grievance is improperly rejected on procedural grounds, exhaustion may be excused as effectively unavailable. Sapp v. Kimbrell, 623 F.3d 813, 823 (9th Cir. 2010); see also Nunez v. Duncan, 591 F.3d 1217, 1224-26 (9th Cir. 2010) (warden's mistake rendered prisoner's administrative remedies "effectively unavailable");
////

---

[2] See Albino v. Baca, 697 F.3d 1023, 1031 (9th Cir. 2012). The three judge panel noted that "[a] defendant's burden of establishing an inmate's failure to exhaust is very low." Id. at 1031. Relevant evidence includes statutes, regulations, and other official directives that explain the scope of the administrative review process. Id. at 1032.

1   Brown v. Valoff, 422 F.3d 926, 940 (9th Cir. 2005) (plaintiff not required to proceed to third

2   level where appeal granted at second level and no further relief was available).

3        Where a prison system's grievance procedures do not specify the requisite level of detail

4   for inmate appeals, Sapp, 623 F.3d at 824, a grievance satisfies the administrative exhaustion

5   requirement if it "alerts the prison to the nature of the wrong for which redress is sought."  Griffin

6   v. Arpaio, 557 F.3d 1117, 1120 (9th Cir. 2009).  "A grievance need not include legal terminology

7   or legal theories unless they are in some way needed to provide notice of the harm being grieved.

8   A grievance also need not contain every fact necessary to prove each element of an eventual legal

9   claim.  The primary purpose of a grievance is to alert the prison to a problem and facilitate its

10  resolution, not to lay groundwork for litigation."  Griffin, 557 F.3d at 1120.

11       If under the Rule 56 summary judgment standard, the court concludes that plaintiff has

12  failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice.

13  Wyatt v. Terhune, 315 F.3d 1108, 1120, overruled on other grounds by Albino, 747 F.3d 1162.

14       B.  Discussion

15       Defendants contend that plaintiff failed to exhaust his administrative remedies as to

16  defendants Schmidt and Dr. Rohlfing prior to filing his amended complaint on January 6, 2014.

17  Plaintiff states that he disagrees with defendants' "versions," but his conclusory statements are

18  insufficient to rebut defendants' arguments.  (ECF No. 119 at 26.)  Plaintiff states he "cannot

19  dignify" defendants' denials, versions, or non-persuasive claims."  (Id.)

20       In an abundance of caution, plaintiff is granted one final opportunity to substantively

21  address defendants' claims that plaintiff failed to exhaust his claims against defendants Rohlfing

22  and Schmidt through the third level of review prior to filing the operative complaint herein.

23  Plaintiff's supplemental opposition is limited to ten pages and may not address any other issue

24  except for the exhaustion issue identified in this order.  Failure to file a supplemental opposition

25  in accordance with this order will result in the undersigned ruling on the pending motion for

26  summary judgment as presently briefed.

27  ////

28  ////

IV. Conclusion

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's Rule 56(d) motion (ECF No. 119) is denied; and

2. Plaintiff is granted fourteen days in which to submit a supplemental opposition, limited to ten pages, as well as the second page of Miranda's 128-C3 form signed January 10, 2012.

Dated:  August 5, 2015

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/ceci1923.fb